Bruner *v.* Sherley et al.

---

ELIAS E. BRUNER *v.* SHERLEY and SHERLEY.

By the provisions of the bankrupt law, the liens of judgment creditors were continued in full force, and the rights of creditors protected according to the laws of the State, till the liens expired by the statute of limitations.

When the liens of the judgment creditors of a bankrupt expire, the title to his property vests in the assignee absolutely for the benefit of the bankrupt's creditors generally.

ON appeal from the superior court of chancery; Hon. Stephen Cocke, chancellor.

Elias E. Bruner filed his bill in the superior court of chancery to cancel an assignment made by him to J. J. Sherley of two judgments held by Bruner against James Sherley, and which judgments were rendered against said James Sherley previous to the passage of the bankrupt law by Congress, of which act James Sherley availed himself to be discharged from his debts. After the said Sherley had been discharged under said bankrupt law, he proposed to Bruner, that as he had nothing to pay his debts with, that if he (Bruner) would take a quarter section of land for the judgments, that he (Sherley) would get his son J. J. Sherley to assist him, and he would have a deed made to Bruner to a quarter section of land. Upon this proposition being made, Bruner agreed to accede to it; and accordingly, in a few days, James Sherley and his son J. J. Sherley called on Bruner to make the arrangement agreed upon, and at the time

Bruner assigned the judgments he held on James Sherley to J. J. Sherley, as agreed between the parties, both the Sherleys stated to Bruner that their giving of the land for the judgments was an act of generosity on their part towards Bruner, as nothing could be made out of James Sherley, he being insolvent, and besides had been discharged in bankruptcy. Bruner charges, that upon these representations made to him, that he assigned the judgments he held on James Sherley to J. J. Sherley, his son, and took his obligation to make him, Bruner, a title to a quarter section of land in Sunflower county; and that on the next day after he made the assignments to J. J. Sherley, he had the same filed in the clerk's office of Warren county, Mississippi, where the judgments were rendered, and had executions issued on the same and levied on three negroes, as the property of James Sherley; and which negroes he (Bruner) alleges he was ignorant at the time he made the assignment of the judgments to J. J. Sherley, were owned by James Sherley, they having been concealed from a knowledge of complainant; and that the assignments of the judgments were made under the false and fraudulent representations to complainant that James Sherley was insolvent, when at the time he owned the above-mentioned negroes, which were liable to satisfy the judgments aforesaid. Bruner also obtained an injunction to prevent James and J. J. Sherley from removing the negroes out of the State until the termination of this suit.

On motion, the injunction in this case was dissolved, and the bill dismissed; from which decree the complainant (Bruner) appealed to this court.

*W. C. Smedes* for appellant.

*Enloe* and *Sherley* for appellees.

Mr. Justice FISHER delivered the opinion of the court.

It is alleged that James Sherley, the judgment debtor, was discharged from his debts by a decree in bankruptcy, made in 1842.

By the bankrupt law, the liens of the judgments were con-

tinued in full operation, and the rights of the creditor protected, according to the laws of the State, till the liens expired by the statute of limitations. These liens had expired at the time the complainant assigned the judgments to James J. Sherley. The complainant was then only a general creditor of James Sherley, and had no greater right to enforce his judgments against the slaves named in the bill than any other general creditor of James Sherley.

If, as alleged, the title to the slaves was at the date of the discharge in James Sherley, this title, by the decree in bankruptcy, vested in the assignee, subject to the judgment liens; and when these liens expired, his title became absolute, and the slaves are liable to Sherley's creditors generally, and not exclusively to the complainant's judgments.

But we are of opinion that there is no fraud alleged or established, aside from the above ground, which is sufficient to defeat the assignment.

Decree affirmed.